IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
JUL 21 2017
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

| | |
|---|---|
| CHARLES W. COOPER, | ) |
| Plaintiff, | ) |
| vs. | ) Cause No. |
| CITY OF INDIANAPOLIS, OFFICER GREGORY DAVIS, | ) 1:17-cv-2467 JMS-MJD |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES

Plaintiff, Charles W. Cooper, by counsel, respectfully makes his Complaint for Damages against Defendants, City of Indianapolis and Officer Gregory Davis.

1. Plaintiff brings this action pursuant to 42 U.S.C § 1983 to redress violations of his federal civil rights under the Fourth Amendment and Fourteenth Amendment to the U.S. Constitution and tortious and negligent conduct under Indiana state law when the Defendants used excessive force, assaulted, and battered Plaintiff causing severe personal injuries to him.

2. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to redress Defendants' violations of his rights under the Fourth Amendment and Fourteenth Amendment to the U.S. Constitution and under Indiana state law. This Court has original subject matter jurisdiction of the federal questions presented pursuant to 28 U.S.C. § 1333 and § 1343.

3. This Court has supplemental jurisdiction over the state law claims brought by the Plaintiff pursuant to 28. U.S.C. § 1367.

4. Venue is proper in the Indianapolis Division because the Plaintiff resides in this division, Defendant Davis is believed to reside in this division, Defendant, City of Indianapolis, is

a political subdivision in this division, and the events complained of occurred in this division.

5. Plaintiff served a timely Tort Claim Notice upon the Indianapolis Metropolitan Police Department, the employer of Defendant Gregory Davis, and the City of Indianapolis.

6. More than ninety (90) days have passed since the service of the Tort Claim Notice and adjustment or payment thereof has been neglected or refused.

7. Plaintiff, Charles W. Cooper, is an adult citizen of the United States presently residing in Indianapolis, Indiana.

8. Officer Gregory Davis was at all relevant times an Indianapolis Metropolitan Police Department police officer employed by the City of Indianapolis. He is sued in his individual capacity and his official capacity as a law enforcement officer.

9. Defendant, City of Indianapolis, operates a law enforcement agency, known as the Indianapolis Metropolitan Police Department, which is a political subdivision of the City of Indianapolis.

10. On July 28, 2015, one or more Indianapolis Metropolitan Police Officers, including Defendant, Gregory Davis, were investigating a reported robbery.

11. Defendant Officer Davis, had a K9 unit with him.

12. During the course of the investigation, Defendant Officer Davis approached Charles W. Cooper who was sleeping on the porch of his grandmother's home.

13. Defendant Officer Davis unleashed his K9 upon Charles W. Cooper.

14. The K9 attacked and bit Charles W. Cooper.

15. Charles W. Cooper was doing nothing which necessitated or justified the use of police force against him.

16. Defendant Officer Davis' use of his K9 unit was a use of force against Charles W. Cooper.

17. The K9 unit inflicted serious injuries upon Plaintiff, Charles W. Cooper.

18. Officer Gregory Davis used excessive and unreasonable force against Plaintiff Cooper.

19. The use of force by Officer Davis, was not justified, was not reasonable, and was excessive.

20. Officer Gregory Davis was acting within the course and scope of his employment with the City of Indianapolis as an Indianapolis Metropolitan Police Department officer at all relevant times.

21. Officer Gregory Davis acted and/or refused to act at all times relevant under color of state law.

22. At all times, the employees, agents, and representatives of Defendant, City of Indianapolis, and Officer Gregory Davis, acted pursuant to official policy.

23. At all times, Defendant, City of Indianapolis, had an official policy, procedure, or protocol authorizing its officers to use excessive force in situations such as described in this Complaint.

24. Plaintiff, Charles W. Cooper, was proximately injured by the actions of Officer Gregory Davis and the City of Indianapolis.

25. The actions of Officer Gregory Davis constitute the use of excessive force and unreasonable seizure in violation of Charles W. Cooper's Fourth and Fourteenth Amendment rights as guaranteed by the United States Constitution which directly and proximately caused severe injuries to Plaintiff Cooper.

26. Officer Davis' actions constitute excessive force, negligence, assault, battery, and negligent and intentional infliction of emotional distress under Indiana law and Defendant, City of Indianapolis, is liable for the actions of Officer Davis under the doctrine of respondeat superior.

27. The City of Indianapolis was negligent in failing to properly hire, train, and supervise Officer Gregory Davis and said negligence was a direct and proximate result of Plaintiff's injuries.

28. Plaintiffs seek all relief allowable by law, including compensatory and punitive damages, costs, and attorneys fees.

**WHEREFORE,** Plaintiff, Charles W. Cooper, prays that the Court enter judgment against Defendants, City of Indianapolis, Officer Gregory Davis, and in favor of Plaintiff, and grant Plaintiff all appropriate relief.

Respectfully submitted,

_/s/ C. Wyant_
Christopher D. Wyant, (25886-29)
Attorney for Plaintiff
Wyant Law Office, LLC
608 East Market Street
Indianapolis, IN 46202
317-631-6866 tx
317-685-2329 fax
chris@wyantlawoffice.com