IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES W. COOPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.: 1:17-cv-02467-JMS-MJD |
| | ) |
| CITY OF INDIANAPOLIS and | ) |
| OFFICER GREGORY DAVIS, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Defendants City of Indianapolis and Officer Gregory Davis, by counsel answer Plaintiff's Complaint as follows:

1. Plaintiff brings this action pursuant to 42 U.S.C § 1983 to redress violations of his federal civil rights under the Fourth Amendment and Fourteenth Amendment to the U.S. Constitution and tortious and negligent conduct under Indiana state law when the Defendants used excessive force, assaulted, and battered Plaintiff causing severe personal injuries to him.

   **ANSWER:** Defendants deny the allegations in paragraph 1 of Plaintiff's complaint.

2. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to redress Defendants' violations of his rights under the Fourth Amendment and Fourteenth Amendment to the U.S. Constitution and under Indiana state law. This Court has original subject matter jurisdiction of the federal questions presented pursuant to 28 U.S.C. § 1333 and § 1343.

   **ANSWER:** Defendants admit jurisdiction is proper.

3. This Court has supplemental jurisdiction over the state law claims brought by the Plaintiff pursuant to 28. U.S.C. § 1367.

   **ANSWER:**  Defendants admit jurisdiction is proper.

4. Venue is proper in the Indianapolis Division because the Plaintiff resides in this division, Defendant Davis is believed to reside in this division, Defendant, City of Indianapolis, is a political subdivision in this division, and the events complained of occurred in this division.

   **ANSWER:**  Defendants admit that the venue is proper.

5. Plaintiff served a timely Tort Claim Notice upon the Indianapolis Metropolitan Police Department, the employer of Defendant Gregory Davis, and the City of Indianapolis.

   **ANSWER:**  Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 5 of Plaintiff's complaint.

6. More than ninety (90) days have passed since the service of the Tort Claim Notice and adjustment or payment thereof has been neglected or refused.

   **ANSWER:**  Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 6 of Plaintiff's complaint.

7. Plaintiff, Charles W. Cooper, is an adult citizen of the United States presently residing in Indianapolis, Indiana.

**ANSWER:** Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 7 of Plaintiff's complaint.

8. Officer Gregory Davis was at all relevant times an Indianapolis Metropolitan Police Department police officer employed by the City of Indianapolis. He is sued in his individual capacity and his official capacity as a law enforcement officer.

   **ANSWER:** Defendants admit that Officer Gregory Davis was at all relevant times employed by the Indianapolis Metropolitan Police Department.

9. Defendant, City of Indianapolis, operates a law enforcement agency, known as the Indianapolis Metropolitan Police Department, which is a political subdivision of the City of Indianapolis.

   **ANSWER:** Defendants admit that the City of Indianapolis operates the Indianapolis Metropolitan Police Department. Insofar as the phrase "political subdivision" suggests that the Indianapolis Metropolitan Police Department may sue or be sued, Defendants deny this allegation.

10. On July 28, 2015, one or more Indianapolis Metropolitan Police Officers, including Defendant, Gregory Davis, were investigating a reported robbery.

    **ANSWER:** Defendants admit the allegations in paragraph 10 of Plaintiff's complaint.

11. Defendant Officer Davis, had a K9 unit with him.

    **ANSWER:** Defendants admit the allegations in paragraph 11 of Plaintiff's complaint.

12. During the course of the investigation, Defendant Officer Davis approached Charles W. Cooper who was sleeping on the porch of his grandmother's home.

**ANSWER:**  Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 12 of Plaintiff's complaint.

13.  Defendant Officer Davis unleashed his K9 upon Charles W. Cooper.

**ANSWER:**  Defendants admit the allegations in paragraph 13 of Plaintiff's complaint.

14.  The K9 attacked and bit Charles W. Cooper.

**ANSWER:**  Defendants admit the allegations in paragraph 14 of Plaintiff's complaint.

15.  Charles W. Cooper was doing nothing which necessitated or justified the use of police force against him.

**ANSWER:**  Defendants deny the allegations in paragraph 15 of Plaintiff's complaint.

16.  Defendant Officer Davis' use of his K9 unit was a use of force against Charles W. Cooper.

**ANSWER:**  Defendants admit the allegations in paragraph 16 of Plaintiff's complaint.

17.  The K9 unit inflicted serious injuries upon Plaintiff, Charles W. Cooper.

**ANSWER:**  Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 17 of Plaintiff's complaint.

18.  Officer Gregory Davis used excessive and unreasonable force against Plaintiff Cooper.

**ANSWER:**  Defendants deny the allegations in paragraph 18 of Plaintiff's complaint.

19. The use of force by Officer Davis, was not justified, was not reasonable, and was excessive.

    **ANSWER:**  Defendants deny the allegations in paragraph 19 of Plaintiff's complaint.

20. Officer Gregory Davis was acting within the course and scope of his employment with the City of Indianapolis as an Indianapolis Metropolitan Police Department officer at all relevant times.

    **ANSWER:**  Defendants admit the allegations in paragraph 20 of Plaintiff's complaint.

21. Officer Gregory Davis acted and/or refused to act at all times relevant under color of state law.

    **ANSWER:**  Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 21 of Plaintiff's complaint.

22. At all times, the employees, agents, and representatives of Defendant, City of Indianapolis, and Officer Gregory Davis, acted pursuant to official policy.

    **ANSWER:**  Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 22 of Plaintiff's complaint.

23. At all times, Defendant, City of Indianapolis, had an official policy, procedure, or protocol authorizing its officers to use excessive force in situations such as described in this Complaint.

    **ANSWER:**  Defendants deny the allegations in paragraph 23 of Plaintiff's complaint.

24. Plaintiff, Charles W. Cooper, was proximately injured by the actions of Officer Gregory Davis and the City of Indianapolis.

    **ANSWER:**  Defendants deny the allegations in paragraph 24 of Plaintiff's complaint.

25. The actions of Officer Gregory Davis constitute the use of excessive force and unreasonable seizure in violation of Charles W. Cooper's Fourth and Fourteenth Amendment rights as guaranteed by the United States Constitution which directly and proximately caused severe injuries to Plaintiff Cooper.

    **ANSWER:**  Defendants deny the allegations in paragraph 25 of Plaintiff's complaint.

26. Officer Davis' actions constitute excessive force, negligence, assault, battery, and negligent and intentional infliction of emotional distress under Indiana law and Defendant, City of Indianapolis, is liable for the actions of Officer Davis under the doctrine of respondeat superior.

    **ANSWER:**  Defendants deny the allegations in paragraph 26 of Plaintiff's complaint.

27. The City of Indianapolis was negligent in failing to properly hire, train, and supervise Officer Gregory Davis and said negligence was a direct and proximate result of Plaintiff's injuries.

    **ANSWER:**  Defendants deny the allegations contained in paragraph 27 of Plaintiff's complaint.

28. Plaintiffs seek all relief allowable by law, including compensatory and punitive damages, costs, and attorney's fees.

## **AFFIRMATIVE DEFENSES**

1. Defendants are entitled to any statutory and common-law immunity applicable to Plaintiff's claims under federal and state law, including qualified immunity.

2. Defendants are entitled to the immunities provided by the Indiana Tort Claims Act, including those contained in Indiana Code § 34-13-3-3.

Respectfully Submitted,

*/s/ Thomas J. O. Moore*
Thomas J. O. Moore (32079-53)
Assistant Corporation Counsel
OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Suite 1601
Indianapolis, Indiana 46204
Telephone: (317) 327-4055
Email: thomas.moore@indy.gov

**CERTIFICATE OF SERVICE**

  The undersigned counsel certifies that a copy of the foregoing was filed electronically on September 26, 2017. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Christopher D. Wyant | Norman L. Reed |
| Wyant Law Office, LLC | 303 North Alabama Street, Suite 230 |
| 608 East Market Street | Indianapolis, Indiana 46204 |
| Indianapolis, Indiana 46202 | |

               Respectfully Submitted,

               */s/ Thomas J. O. Moore*
               Thomas J. O. Moore
               Assistant Corporation Counsel

OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Suite 1601
Indianapolis, Indiana 46204