UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| CHARLES W. COOPER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | No. 1:17-cv-02467-JMS-MJD |
|  | ) |  |
| CITY OF INDIANAPOLIS and OFFICER GREGORY DAVIS, | ) |  |
|  | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**ORDER**

In July 2017, Plaintiff Charles Cooper initiated this lawsuit against the City of Indianapolis (the "City") and Indianapolis Metropolitan Police Department ("IMPD") Officer Gregory Davis. [Filing No. 1.] Mr. Cooper alleges that he was asleep on his grandmother's porch the evening of July 28, 2015 when Officer Davis approached him and "unleashed" a K9, which then attacked and bit Mr. Cooper. Mr. Cooper asserts various state law claims against Defendants, and claims under 42 U.S.C. § 1983 for Fourth Amendment and Fourteenth Amendment violations by using excessive force. Presently pending before the Court, and ripe for the Court's decision, is the City's Motion to Dismiss. [Filing No. 13.]

**I.**
**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the…claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as

true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### BACKGROUND

The following are the factual allegations in the Amended Complaint, which the Court must accept as true at this time:

Mr. Cooper alleges that on the evening of July 28, 2015, Officer Davis and other IMPD officers were investigating a reported robbery. [Filing No. 1 at 2.] Officer Davis had a K9 unit with him. [Filing No. 1 at 2.] At the same time, Mr. Cooper was sleeping on the porch of his grandmother's house. [Filing No. 1 at 2.] Mr. Cooper alleges that Officer Davis approached him and "unleashed his K9 upon" Mr. Cooper. [Filing No. 1 at 2.] Mr. Cooper alleges that the K9 attacked and bit him, and that he was "doing nothing which necessitated or justified the use of police force against him." [Filing No. 1 at 2.]

Mr. Cooper alleges that he sustained serious injuries as a result of the attack. [Filing No. 1 at 3.] He asserts claims against Defendants under 42 U.S.C. § 1983 for use of excessive force in violation of his Fourth and Fourteenth Amendment rights. [Filing No. 1 at 1-3.] As to the City,

Mr. Cooper alleges that "[a]t all times, the employees, agents, and representatives of Defendant, City of Indianapolis, and Officer Gregory Davis, acted pursuant to official policy," and that the City "had an official policy, procedure, or protocol authorizing its officers to use excessive force in situations such as described in this Complaint." [Filing No. 1 at 3.] Mr. Cooper also asserts state law claims against Officer Davis for negligence, assault, battery, and negligent and intentional infliction of emotional distress, and against the City for negligence and under the doctrine of respondeat superior. [Filing No. 1 at 4.]

The City has moved to dismiss Mr. Cooper's § 1983 claim, and that motion is now ripe for the Court's decision. [Filing No. 13.]

## III.
### DISCUSSION

The Court notes at the outset that Mr. Cooper did not respond to the City's Motion to Dismiss. In the absence of a response by Mr. Cooper, the Court is authorized to summarily rule on the City's Motion to Dismiss pursuant to Local Rule 7-1(c)(4) ("The court may summarily rule on a motion if an opposing party does not file a response within the deadline"). However, because the law prefers dispositions on the merits, *see Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009), the Court will decide the Motion to Dismiss on its merits.

The City argues that a governmental entity may only be sued under § 1983 where "the alleged injury resulted from the execution of the government's policy or custom." [Filing No. 14 at 1.] The City points to Mr. Cooper's allegations related to the City's "policy, procedure, or protocol" regarding the use of excessive force, and argues that the Complaint "contains no factual allegations regarding the City's alleged policy or what role it played in this case." [Filing No. 14 at 1.] It argues that Mr. Cooper "merely recites the elements of a *Monell* claim," but does not allege any facts "that would support the existence of the purported policy." [Filing No. 14 at 2.]

*Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), established entity liability for municipal corporations under § 1983. Where a constitutional violation has occurred, the "critical question" under *Monell* "is whether a municipal (or corporate) policy or custom gave rise to the harm (that is, caused it), or if instead the harm resulted from the acts of the entity's agents." *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017). To state a claim under *Monell*, a plaintiff must "provide some specific facts" to support the legal claim, but "[t]he degree of specificity required is not easily quantified." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (citations omitted). A formulaic recitation of the cause of action is insufficient to state a claim, *id.* at 617 (citing *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404-05 (7th Cir. 2010)), but "[i]n a civil rights case alleging municipal liability, a federal court may not apply a heightened pleading standard more stringent than the usual Rule 8(a) pleading requirements," *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007) (citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 165 (1993)); *see also White v. City of Chicago*, 829 F.3d 837, 844 (7th Cir. 2016) (holding it was error for district court to dismiss plaintiff's *Monell* claim where plaintiff alleged that defendant had acted "in accordance with a widespread practice of the police department of the City of Chicago," and set forth his own experience with that practice).

The Court finds that Mr. Cooper has adequately alleged a *Monell* claim against the City. Mr. Cooper sets forth the individual treatment he received, alleges that Officer Davis and other employees "acted pursuant to official policy," and alleges that the City "had an official policy, procedure, or protocol authorizing its officers to use excessive force in situations such as described in this Complaint." [Filing No. 1 at 2-3.] At the motion to dismiss stage, this is enough to

4

sufficiently state a § 1983 claim against the City. White, 829 F.3d at 844. Accordingly, the Court denies the City's Motion to Dismiss. [Filing No. 13.]

IV.
CONCLUSION

For the foregoing reasons, the Court **DENIES** the City's Motion to Dismiss, [Filing No. 13].

Date: 11/29/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**